United States District Court
Southern District of Texas

**ENTERED**

April 13, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMAR ABEDALMALEK, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-4966 |
| | § | |
| WARDEN RAYMOND THOMPSON, *et* | § | |
| *al*., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Omar Abedalmalek is detained in the custody of officials with Immigration and Customs Enforcement (ICE). Through counsel, Abedalmalek filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) seeking relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). The respondents filed a motion for summary judgment (Dkt. 12) and the petitioner responded (Dkt. 14). Having reviewed the petition, the briefing and exhibits, the applicable law, and all matters of record, the Court concludes that the respondents' motion for summary judgment should be **denied** and that habeas relief should be **granted**. The Court's reasons are explained below.

## I.   BACKGROUND

Abedalmalek is a native and citizen of Syria. The parties agree that he entered the United States on or about March 5, 2024, and was taken into custody; that he was criminally charged with illegal entry under 8 U.S.C. § 1325(a)(1), pleaded guilty, and was sentenced to six months in prison; that he was transferred back to ICE custody in September 2024,

1 / 8

after completion of his sentence; that an asylum officer determined he did not establish a credible fear of persecution or torture; and that his order of removal became administratively final on October 22, 2024. *See* Dkt. 1, at 9-10; Dkt. 12, at 2-3; Dkt. 12-1, at 4-5. He has been detained for nearly 18 months since his removal order became final.

Abedalmalek states that he has cooperated with all of ICE's efforts to remove him, including providing a valid passport, requesting confirmation of ICE's receipt of the passport, and repeatedly requesting removal (Dkt. 1, at 1, 10-11; Dkt. 1-4 (petitioner's requests to staff for confirmation of receipt); Dkt. 1-5 (receipt for passport dated July 22, 2025)). He presents evidence that immigration officials informed him that his custody status would be reviewed on or about December 3, 2024 (Dkt. 1-3), but states that officials never reviewed his status or conducted a Post-Order Custody Review as required by 8 C.F.R. § 241.4 (Dkt. 1, at 11).

The respondents do not dispute the material facts asserted by Abedelmalek. However, they seek summary judgment on the basis that he is lawfully detained and "ICE has been working to make the necessary travel arrangements and schedule his removal" (Dkt. 12, at 1). In support, they submit a declaration from a deportation officer assigned to the petitioner's case (Dkt. 12-1). In the declaration, the officer acknowledges that immigration officials "recommended [the petitioner's] release on [supervision] due to no [significant likelihood of removal in the reasonably foreseeable future]" on or about December 3, 2024, and again on or about February 28, 2025 (*id*. at 4-5). The officer further states that, despite these determinations, officials continued to detain him (*id*.), and does not state that the petitioner was furnished with a Post-Order Custody Review. Rather, the

2 / 8

officer asserts without elaboration that, "[b]ased on information received from the travel team, the case officer expects to receive an itinerary, which will allow for Abedalmalek's removal, in the next 60 days" (*id*. at 5).  Over four months have elapsed since the declaration was executed.

The petitioner brings habeas claims under 8 U.S.C. § 1231, the Administrative Procedure Act, and the Due Process Clause (Dkt. 1, at 11-16).  He seeks immediate release, among other relief.

## II.   <u>LEGAL STANDARDS</u>

The respondents seek summary judgment.  Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."  *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."  *Id*.  The nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."  *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (cleaned up).

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up). A plaintiff's statements may be sufficient to demonstrate a genuine issue of material fact. *See Bourne v. Gunnels*, 921 F.3d 484, 492-93 (5th Cir. 2019). However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, "[s]elf-serving affidavits and declarations, like all summary judgment evidence, must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021) (cleaned up) (citing FED. R. CIV. P. 56(c)(4)).

## III. <u>ANALYSIS</u>

Abedelmalek seeks habeas relief from his extended detention under 28 U.S.C. § 2241, bringing claims under 8 U.S.C. § 1231(a)(6), the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act.

The detention of non-citizens who are under a final order of removal is governed by 8 U.S.C. §1231. The statute provides that, in general, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The

Attorney General has discretion to extend detention "beyond the removal period" in some cases:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Due Process Clause of the Fifth Amendment protects the liberty interest of all persons within the United States, including non-citizens. *Zadvydas*, 533 U.S. at 693. In *Zadvydas*, the Supreme Court considered the detention of a non-citizen with a criminal record. Although an immigration judge had ordered Zadvydas deported to Germany, Germany would not accept him, and his detention was extended beyond the 90-day removal period authorized by 8 U.S.C. § 1231(a)(6). While noting that § 1231(a)(6) authorizes the Attorney General to detain a removable alien beyond the removal period, the Supreme Court held that indefinite detention, or detention for more than "reasonably necessary to secure the alien's removal," violates the Due Process Clause. *Id.* at 682. The Court instructed that, when a habeas court decides a *Zadvydas* challenge, the court "should hold continued detention unreasonable and no longer authorized by statute" if removal "is not reasonably foreseeable." *Id.* at 699-700. The Court further determined that detention for "more than six months" is presumptively unreasonable. *Id.* at 701. Under *Zadvydas*'s burden-shifting framework, a petitioner seeking habeas relief has the initial burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably

5 / 8

foreseeable future" after six months have elapsed.  *Id.*  If the petitioner makes this showing, the burden shifts to the respondents to rebut the showing.  *Id.*

Abedelmalek claims that his continued detention violates *Zadvydas*.  He states that he has been detained well over six months and has cooperated with all efforts to remove him, but that the respondents have not provided him with required Post-Order Custody Reviews and have given no evidence of progress towards his removal or a timeline for removal.   He also points to the declaration submitted by the respondents, which acknowledges that immigration officials concluded that his removal was not significantly likely in the foreseeable future (Dkt. 12-1, at 4-5).  These facts are not conclusory or speculative and satisfy his initial burden under *Zadvydas*.

The burden thus shifts to the respondents to rebut the petitioner's showing. Although the respondents assert in their summary judgment motion that removal is imminent, this unsupported assertion is stale and, in any event, insufficient to rebut the petitioner's showing.  Even if the Court were to assume that officials are making a good faith effort to carry out the petitioner's removal, this also would not satisfy their burden under *Zadvydas*. *See Zadvydas*, 533 U.S. at 702 (reversing holding that relied in part on the respondents' good faith efforts to deport Zadvydas). Rather, the respondents must show a significant likelihood of removal in the reasonably foreseeable future.  Because the respondents do not present evidence supporting the likelihood of removal to any country, they fail to rebut the petitioner's showing.

6 / 8

Although the respondents have authority to enforce the order to remove Abedelmalek, they may not detain him indefinitely while attempting to carry out his removal. Therefore, habeas relief will be granted.

The Court does not address Abedelmalek's claims under the Administrative Procedure Act. The Court notes, however, that the respondents have not contested the petitioner's arguments that they failed to comply with the requirements of by 8 C.F.R. § 241.4.

## IV.   **CONCLUSION**

For the reasons stated above, the Court **ORDERS** as follows:

1. The respondents' motion for summary judgment (Dkt. 12) is **DENIED**.

2. Abedelmalek's petition for a writ of habeas corpus (Dkt. 1) is **GRANTED in part**.

3. The respondents are **ORDERED** to **RELEASE** the petitioner from custody to a public place **within 48 hours** of this order. The petitioner's release is subject to 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5.

4. The respondents are further **ORDERED** to inform the petitioner and petitioner's counsel of the time and location of release **at least three hours before the release**.

5. The respondents are further **ORDERED** to return to the petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during his detention.

6. Any possible or anticipated removal or transfer of the petitioner under this present detention is **PROHIBITED** and **ENJOINED.**

7. The respondents are further **ORDERED** to file a status report updating the Court **within 72 hours** of this order.

8. All other pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ April 13 _____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE